## LEE WILLOUGHBY *v.* STATE.

[57 South. 361.]

1. PERJURY. *Indictment. Variance.*

An indictment for perjury charging a person with having sworn that "he did not buy certain things" where the evidence shows that the testimony was "that he didn't remember whether he bought or not, that he couldn't recollect," is a fatal variance.

2. SAME.

In order for a conviction to be good in such case the indictment should have alleged substantially what the witness testified to in court, coupled with an averment that in truth and in fact the witness did remember of having bought the thing, that he did recollect of having done so, or words to that effect.

APPEAL from the circuit court of Lincoln county.
HON. D. M. MILLER, Judge.

Lee Willoughby was convicted of perjury and appeals.

The facts are fully stated in the opinion of the court.

*A. A. Cohn,* for appellant.

The verdict of the jury was unsupported by the evidence. The defendant was indicted for swearing falsely, corruptly, knowingly and feloniously, that he did not purchase beer from Carrie Powell on the 15th day of April, 1910. Every witness introduced by the state swore positively that they were present during the trial of the case of the *City of Brookhaven* v. *Carrie Powell,* and that they heard the testimony of the appellant Lee Willoughby in that case. Each witness swore that Lee Willoughby did not swear in that case that he did not buy whisky or beer from the said Carrie Powell at said time but on the other hand he did swear that he did not know whether he did or whether he didn't. However,

the stenographer's notes constitute the record and this alone shows what Willoughby swore.   In reply to the district attorney's question to state what he knew about Carrie Powell serving beer, appellant replied, "All I know is that I was drunk and they say that I went there and bought some beer."   In further reply to the question of the district attorney, "do you say now on your oath that you didn't buy beer from Carrie Powell," appellant replied, "I don't say I did and I don't say I didn't, I don't know what I done."   The testimony of appellant that he did not know what he had done on the night of the alleged purchase and that he wouldn't swear whether he had or had not bought whisky from the said Carrie Powell, could not properly support an indictment which charged that he swore on that occasion that he had not bought beer from her at said time. *State of Missouri* v. *William R. Coyne,* 214 Mo. 344, 144 S. W. 8. This being true that the uncontradicted testimony of the appellant in the circuit court where it is alleged he committed perjury was to the effect that he wouldn't swear that he had bought beer from her but simply that he did not know, how then, in the face of these positive facts, can an indictment and a verdict of guilty thereon be supported by by such evidence.   The appellant challenges the record to show one single line of testimony given by the appellant whereon he swore that he did not buy beer from Carrie Powell.

*Frank Johnston,* assistant attorney-general, for appellee.

I respectfully submit to the court that on the testimony of the case, the charge of perjury is sustained.

It only remains to inquire as to the correctness of the instructions as given by the court.   All the instructions asked for the defendant were granted by the court except the tenth, eleventh, and twelfth, which were refused; but the tenth, eleventh and twelfth are fully covered, clearly

and explicitly, by the second, third, fourth, fifth, sixth, seventh, eighth, and ninth charges which were given for the defendant. The jury was fully instructed by these instructions that there must have been a corrupt and wilful false statement by the witness, and that his guilt must be proven to the jury beyond a reasonable doubt. In a word, every point insisted upon by the defendant in his instructions were covered by those instructions which were granted by the court.

Argued orally by *A. A. Cohn,* for appellant.

Argued orally by *Frank Johnston,* assistant attorney-general, for appellee.

McLEAN, J., delivered the opinion of the court.

The appellant was a witness in the prosecution, before the mayor of Brookhaven, of one Carrie Powell for violating the liquor laws. He then and there testified that he had purchased from Carrie Powell two bottles of beer, for which he paid fifty cents. Carrie was convicted. From this conviction she appealed to the circuit court, and upon the trial in that court the appellant was again placed upon the witness stand, and instead of testifying, as he did before the mayor's court, that he bought two bottles of beer, said that "he did not remember whether he bought any beer from Carrie Powell or not; that he could not recollect; that at the time he testified before the mayor against Carrie Powell he was under the influence of whisky and was drunk." Carrie Powell was acquitted because of insufficient evidence; the prosecution relying alone upon the testimony of this young man. After this the grand jury indicted the appellant for perjury. The indictment charged the apellant with having testified before the mayor of Brookhaven that "he, the said Willoughby, had bought intoxicating liquors from the said Carrie Powell on or about the above-mentioned date," and, further, that said Carrie Powell

was convicted before the mayor, from this conviction she appealed to the circuit court, and, when said cause came on to be tried in the circuit court of Lincoln county, "the said Willoughby did then and there appear and tender himself as a witness on behalf of the city of Brookhaven, and was received to give evidence on behalf of the said city of Brookhaven, and did then and there testify," etc., "and thereupon the said Willoughby, desiring and intending to cause and procure a verdict to pass for the said Carrie Powell and acquit her of said charge, changed his testimony from what he had testified to in the mayor's court aforesaid, and then and there, to-wit, before the circuit court, swore and gave evidence as follows: That he, the said Willoughby, did not buy intoxicating liquors from the said Carrie Powell on or about the 16th day of April, 1910, as aforesaid, whereas in truth and in fact he had sworn that she had sold him intoxicating liquors," etc.

The state, in order to support the allegations of the indictment, introduced evidence which clearly supported the allegations of the indictment as to the testimony of Willoughby upon the trial before the mayor of Brookhaven, and the evidence was also clear and positive that the appellant, when testifying before the circuit court, said that "he didn't remember whether he bought any beer from Carrie Powell or not; that he could not recollect—that he might, or he might not." The counsel for the appellant seasonably and timely objected to this evidence, upon the ground that there was a fatal variance between the evidence and the allegation in the indictment. The objections were overruled, and exceptions taken. The court gave for the state the following instruction: "The court instructs the jury, for the state, that if you believe from the evidence in this case beyond a reasonable doubt that Lee Willoughby bought intoxicating liquors from Carrie Powell on or about April 16, 1910, in the city of Brookhaven, and after-

wards appeared in the circuit court as a witness for the city in the trial of the said case of the city of Brook- haven against Carrie Powell on an affidavit charging the said Carrie Powell with the unlawful sale of intoxicating liquors, and knowingly, willfully, falsely, corruptly, and feloniously testified and swore that he did not buy liquors from the said Carrie Powell, in substance and effect, with the felonious and corrupt intent to cause a verdict of not guilty to pass for the said Carrie Powell, then he is guilty and you should so find." This was the only instruction given for the state. The jury returned a verdict of guilty. Thereupon the defendant was sentenced to the penitentiary.

We have carefully searched the books in order to ascertain if any authority could be found to support this conviction. We have failed to find any. The assistant attorney-general, who ably, in both printed and oral argument, represented the state, has failed to find any authority or to show any sufficient reason why the conviction should stand. There is a manifest variance between the allegations in the indictment and the evidence in support thereof. One of the fundamental rules of the criminal law is that the indictment must with sufficient certainty point out to the defendant in a perjury case substantially the words which are alleged to have been spoken. It is not necessary for the evidence to be in the exact words of the language used in the indictment; but the language used in the indictment and that proven upon the trial must be substantially the same. 2 Bishop's New Criminal Procedure, section 916, is as folows: "In stating the substance and effect, reasonable fullness and particularity are required; for, within a distinction already mentioned, they pertain, not to inducement, but to the gist of the offense. It is not adequate to say simply that the defendant swore falsely concerning a thing. The direct meaning of what is said must be given. Nor will any setting out which varies the sense of what was

sworn to be accepted as its substance or effect. Yet a departure in mere form is immaterial.'' In Chitty's Criminal Law, p. 213, it is said: ''These averments or assignments of perjury, as they are technically termed, should be specific and distinct, in order that the defendant may have notice of what he is to come prepared to defend.'' See, also, Roscoe's Criminal Evidence, p. 684.

It is manifest that an indictment for perjury charging a person with having sworn that ''he did not buy certain things,'' where the evidence shows that the testimony was ''that he didn't remember whether he bought or not—that he couldn't recollect,'' is a fatal variance. In order for the conviction to be good under the facts of this case, the indictment should have alleged substantially what the witness testified to in the circuit court, coupled with an averment that in truth and in fact the witness did remember of having bought beer, that he did recollect of having done so, or words to this effect. *State* v. *Coyne,* 214 Mo. 344, 114 S. W. 8, 2 L. R. A. (N. S.) 993.                    *Reversed and remanded.*