LOUIS HARRIS *v.* STATE.

[60 South. 769.]

CRIMINAL LAW. · *Perjury. Subornation. Indictment. Variance.*

> Where on the trial of accused on a charge of subornation of perjury, the indictment alleged that the false testimony delivered by the witness alleged to have been suborned was that he "had not bought intoxicating liquors from a given party in said county and state, within two years, from the finding of the indictment," and the evidence was that witness said on the for-

mer trial that he had purchased intoxicating liquors from the party, but "could not remember" whether he purchased it more or less than two years prior to the finding of the indictment, there was a fatal variance in the allegation of the indictment and the proof.

APPEAL from the circuit court of Hancock county.

HON. J. J. BALLENGER, Special Judge.

Louis Harris was convicted of subornation of perjury and appeals.

The facts are fully stated in the opinion of the court.

*Robert L. Genin,* attorney for appellant.

The third error assigned is, the court erred in refusing to exclude all of the testimony of the witness Fayard, because he testified that he swore at a previous trial that he did not remember whether he bought the liquor from Harris within two years.

The indictment alleges that the defendant approached Fayard and corruptly suborned Fayard to swear that he had not bought intoxicating liquors from the defendant within two years. If Fayard did not swear to the things as requested by the defendant, then his testimony at the subsequent trial of Harris for subornation of perjury, to the effect that he did not remember how long it was, was irrelevant and incompetent, and error in not excluding it from the jury. *Willoughby* v. *State,* 57 So. 361.

*E. J. Gex,* for appellant.

The objection was made at the proper time, in fact the first time that it became apparent in the record that there was a variance between the proof and the indictment. I am trying to bring this to the court just as it happened and to show the court that this exact proposition was passed upon by this very court in the case of *Willoughby* v. *State,* 57 So. 361.

In the Willoughby case the defendant was charged with perjury, and the indictment charged him with having

sworn that he did not buy certain things, while the evidence showed that he swore he didn't remember whether he bought it or not, that he couldn't recollect. It would be difficult indeed to find a case closer in point. In the case at bar appellant is charged with having suborned Fayard to testify that he had not bought whiskey in two years and the indictment further states that he did so testify, and the undisputed proof further shows that what he testified to was that he did not remember whether it was two years or not.

In the Willoughby case the court said: "It is manifest that an indictment for perjury charging a person with having sworn that he 'did not buy certain things' where the evidence shows that the testimony was 'that he didn't remember whether he bought or not—that he couldn't recollect,' is fatal variance. In order for the conviction to be good under the facts in this case, the indictment should have alleged substantially what the witness testified to in the circuit court, coupled with an averment that in truth and in fact that the witness did remember of having bought beer, that he did recollect of having done so, or words to this effect."

The court will see that the Willoughby case is decisive of this very question but for further authorities see: *State* v. *Tappan,* 21 N. H. (Fost) 56; 39 Cent. Dig. Perjury 683; *State* v. *Harvell,* 49 N. C. 55; *Wilson* v. *State,* 5 Tex. App. 11; *Maul* v. *State* (Cr. App.), 26 S. W. 190; *McClerkin* v. *State,* 17 So. 125; *Saucier* v. *State,* 95 Miss. 226, 48 So. 840.

We contend in all sincerity that it was error on the part of the court not to exclude this evidence and our court has squarely passed on this very proposition. It is true that the case at bar is a case of subornation of perjury while the Willoughby case was a perjury case, yet the principles are the same and that decision is authority in this case.

*Geo. H. Ethridge,* assistant attorney-general, for the state.

The third assignment, undertaking to deal with the variance, says that evidence should have been excluded because of the variance with the indictment, is without merit because, as a matter of fact there was no variance. The witness in this case expressly says at page 16 of the record in this case that he did swear on a preceding trial that it had been more than two·years before the date alleged in the indictment that he had bought this whiskey from the appellant. He also conclusively shows that this testimony was knowingly and willfully testified to by him for the corrupt purpose of assisting the appellant out of the case for selling liquors and also that it was procured and brought about distinctly by the appellant and that the appellant did expressly request him to swear, on his oath, that it had been more than two years. This is competent testimony and is to be considered by the court, and the court on the motion to exclude could not say, as a matter of law, that this testimony was not true even though it was contradicted by the stenographer's notes who took the evidence at the time. The stenographer, it will be noticed in the record, has testified from his recollection as to what he remembers, refreshed by his notes. It is not a case where the stenographer is swearing positively and directly that the notes are absolutely correct, it being possible that an error in understanding or transcribing might occur in the case and even if the evidence of the stenographer was positive and unequivocal in all respects on that score, still it would be a question to submit to the jury for determination as to which was correct, but when we go to the notes themselves and, taking these notes as expressing what the witness did say, we would still find that the witness swore on the first trial that the sale which he was testifying about occurred in the winter time and that it was prior to the storm in September, 1909, which would necessarily carry it back to

a period of more than two years from the finding of the indictment and this testimony would not be a variance with the.allegation of the indictment in any respect whatever. It would not be material so far as the question of variance is concerned whether the witness was absolutely certain about his testimony or not. He is, so far as his answers indicate, certain that it occurred prior to the storm. of 1909 which was in September according to his recollection and according to all the other testimony, and it would constitute no variance whatever, because the court would be bound to assume, taking that testimony of the said witness, that it was more than two years and take the case from the consideration of the jury. The jury, under the testimony could not be left to decide whether it occurred within two years or more than two years, and the proof of the testimony of the witness was, and was so understood by everybody who heard it, to have been more than two years, was a fact that the verdict was found for the appellant on that issue. This is strengthed by the fact shown in the record in this case that the learned judge who was trying the case at the time the liquor was sold, promptly in open court had the witness arrested for willful and corrupt perjury.

In the trial of this testimony in this record all the argument and authorities relied on to sustain a variance would become immaterial, and it would not be necessary to discuss it because it is abundantly shown in the record that the witness testified corruptly and falsely on that case and that he was procured to so testify by this appellant and that both the appellant and the witness knew beyond any cavil or doubt that each knew the matter was false and was expressly testified to for the corrupt and fraudulent purpose of cheating the state out of a verdict in that case.

Argued orally by *Geo. H. Ethridge,* assistant attorney-general, for the state.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction of subornation of perjury. The indictment alleged that the false testimony delivered by the witness alleged to have been suborned was that he *"had not bought* intoxicating liquors from the said Lewis Harris, in said county and state, within two years from the finding of said indictment." According to the evidence, in which there is no material conflict, what the witness said on the former trial was that he had purchased intoxicating liquors from Harris, but *could not remember* whether he purchased it more or less than two years prior to the finding of the indictment. Consequently there was a fatal variance in the allegation of the indictment and the proof. *Willoughby* v. *State,* 57 South. 361.

*Reversed and remanded.*